UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BUCKWARD DIGITAL SERVICES, INC. and ALFRED D. WYCKOFF, JR., <br><br>       Plaintiffs, <br><br> VS. <br><br> MILLAR INSTRUMENTS and ANIMATRIX COMPUTER ARTS, INC., <br><br>       Defendants. | § § § § § § § § § § § § § § § § |

CIVIL ACTION NO. H-05-1728

## MEMORANDUM AND ORDER

In this copyright action, Plaintiffs argue that Defendants have infringed Plaintiffs' copyright in videographic images that Plaintiffs created for use in Defendants' training videos. All parties now move for summary judgment on the issue of liability. Plaintiffs argue that their valid copyright registration certificates create a rebuttable presumption of copyright validity and that Defendants have failed to rebut that presumption. Defendants contend that they have offered evidence sufficient to rebut the presumption of validity and that Plaintiffs are, in any event, estopped from asserting infringement claims. After considering the parties' filings and the applicable law, the Court finds that Plaintiffs' motion, Docket No. 59, should be and hereby is **DENIED** and that Defendants' motions, Docket Nos. 65 and 67, should be and hereby are **GRANTED**.

I.     **BACKGROUND**

Plaintiff Alfred D. Wyckoff is the owner and an employee of Plaintiff Buckward Digital Services ("Buckward"), a corporation that provides videographic and animation services. Defendant Millar Instruments ("Millar") is a manufacturer of surgical instruments. Defendant Animatrix Computer Arts, Inc. ("Animatrix") is a provider of application and consulting services, including computer-based training materials. In June 2002, Millar hired Animatrix to produce a training video to be distributed to purchasers of Millar's products. Animatrix, in turn, engaged Buckward (*i.e.*, Wyckoff) to perform the videography. When contacted by Animatrix, Buckward provided a price quotation for the job via e-mail. The quotation reflected an hourly rate for Wyckoff's services and made no mention of a copyright or license fee. This was in keeping with the usual course of dealings between Buckward and Millar, which had worked together on several previous projects.

Pursuant to the parties' agreement, Wyckoff produced video images of Millar's equipment and software and sent those images to Animatrix, along with the address of an Internet site from which Animatrix could download the images. Animatrix provided the images to Millar, which selected some of the images for inclusion in the training video. Animatrix then informed Buckward of Millar's selections, whereupon Buckward created the video and sent it to Animatrix, which forwarded it to Millar for distribution. Subsequently, in September 2002, Buckward invoiced Animatrix for the project at the hourly rate provided in the price quotation. The total amount invoiced was $1,405.40.

Despite repeated requests, however, Animatrix did not pay the invoice. Buckward continued to demand payment over the course of the ensuing two and a half

years but never made reference to a copyright or a license agreement. Two years after the initial invoice was sent, Wyckoff[1] filed two copyright registration certificates claiming intellectual property rights in the videotapes. Six months later, in February 2005, Plaintiffs' counsel sent a cease-and-desist letter to both Defendants, informing them that Plaintiffs held copyrights in the videos. Animatrix then sent Buckward a check for the full invoice amount. Buckward refused, however, to cash the check, and, three months later, Plaintiffs filed this lawsuit, alleging copyright infringement. All parties now move for summary judgment.

## II.   ANALYSIS

### A.   Legal Standards

#### 1.   Summary judgment standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* FED. R. CIV. P. 56(c). "Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir.), *cert. denied*, 534 U.S. 892 (2001) (internal quotation marks and citation omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could enter a verdict for the non-moving party." *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000).

---

[1] There is some dispute concerning the identity of the rightful copyright holder and proper Plaintiff in this action. The copyright was, apparently, initially secured by Wyckoff. The evidence indicates, however, that Buckward is the current copyright holder.

3

This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.*

### 2. Copyright standard

Plaintiffs' copyright registration constitutes *prima facie* evidence of copyright validity. 17 U.S.C. § 410(c). This evidence gives rise to a rebuttable presumption of validity. *See, e.g.*, *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Defendants may rebut the presumption by, *inter alia*, demonstrating that the copyrighted materials are works created for hire:

> In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

17 U.S.C. § 201(b); *see also Easter Seal Soc'y v. Playboy Enters.*, 815 F.2d 323, 327-28 (5th Cir. 1987). The applicable statute defines a work made for hire as a work created by an employee within the scope of his employment. 17 U.S.C. § 101.

Defendants may also avoid liability by showing that they possess a nonexclusive implied license to use the works. *See Carson v. Dynegy*, 3444 F.3d 446, 451 n.5 (5th Cir. 2003) ("It is well-established in this circuit that a nonexclusive implied license need not be evidenced by a writing; rather, such a license may be implied from conduct or granted orally."). "When the totality of the parties' conduct indicates an intent to grant such permission, the result is a legal nonexclusive license . . . ." *Lulirama Ltd. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 879 (5th Cir. 1997) (internal quotation marks omitted). Such a license arises when: "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes the particular work and delivers it to the licensee who

requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Id.* (quoting *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 776 (7th Cir. 1996)). A nonexclusive license may be irrevocable if it is supported by consideration. *Carson*, 344 F.3d at 451-52 (quoting *Lulirama*).

Finally, Defendants may prove that Plaintiffs are estopped from asserting infringement claims. Estoppel applies where four criteria are met:

> (1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury.

*Id.* Estoppel may be accomplished by a plaintiff's silence and inaction. *Id.*

### B. Plaintiffs' Claims

#### 1. Wyckoff's claims

Only the holder of a copyright may sue for infringement. 17 U.S.C. § 504. As noted above, the evidence before the Court indicates that Wyckoff is not a current owner of the copyrights at issue here. Accordingly, Wyckoff's claims against Defendants are hereby **DISMISSED**.

#### 2. Buckward's claims

The current versions of the copyright registration certificates indicate that the videotapes were works created for hire by Wyckoff during his employment with Buckward. (*See* Def. Animatrix's Resp. to Pl.'s Mot. for Summ. J., Ex. 21.) Defendants appear to contend that Buckward, in turn, created the tapes within the course and scope of its employment on the Millar/Animatrix project. Noting that individuals and companies hired to create discrete audiovisual works are usually independent contractors, the Fifth

5

Circuit has held that the question whether such contractors are employees, for purposes of the copyright statute, is a factual question that should be answered by the trier of fact on a case-by-case basis.  *See Easter Seal Soc'y*, 815 F.2d at 335-36.  Accordingly, no party has demonstrated the absence of a genuine issue of material fact as to the work-for-hire question, and the Court is therefore precluded from granting summary judgment on that ground.

Defendants next argue that Buckward granted them irrevocable nonexclusive implied licenses to use the videotapes by creating the tapes at Defendants' behest and delivering the tapes to them for copying and distribution.  Defendants further contend that the licenses are supported by consideration – namely, Defendants' promise to pay Buckward for its services – and are therefore irrevocable.  Defendants are correct on both counts.  They have demonstrated that (1) they requested the creation of the videotapes, (2) Buckward made the tapes and delivered them to Defendants, and (3) Buckward intended that Defendants copy and distribute the tapes.  *See Lulirama*, 128 F.3d at 879 (setting forth the criteria for a nonexclusive implied license).  Defendants have also proven that the license was supported by consideration.  *See Carson*, 344 F.3d at 451-52 ("[A] nonexclusive license supported by consideration is a contract.") (internal quotation marks omitted); *Aerojet-General Corp. v. Askew*, 453 F.2d 819, 832 (5th Cir. 1971) (holding that a promise to pay is sufficient consideration to render a contract enforceable).  Accordingly, summary judgment for Defendants is appropriate on the issue of liability, because, even if Buckward's copyright is valid, the course of dealing among the parties established irrevocable licenses authorizing both Defendants' use of the videotapes.

Even were the Court to find that no licenses exist, however, summary judgment for Defendants would nonetheless be appropriate on the ground of estoppel. The evidence before the Court conclusively demonstrates that (1) Buckward has known of Defendants' use of the videotapes ever since the tapes were delivered; (2) Buckward likewise knew, when it delivered first the raw images and then the finished videotapes to Animatrix, that Defendants would believe that they were entitled to copy and distribute the tapes; (3) that Defendants were unaware, for at least two and a half years after receiving the tapes, that Buckward claimed copyrights in the tapes; and (4) Defendants' reliance on their initial understanding of the situation now places them in peril of a finding of copyright liability. Accordingly, all of the criteria for estoppel are met. *See Carson*, 344 F.3d at 451-52.

**CONCLUSION**

Because no genuine issue of material fact precludes judgment for Defendants, their motions are hereby **GRANTED**, and all of Plaintiffs' claims are hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 26th day of April, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**